UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: 1:23-cv-20793-PAS

Anthony Stanley, M.D.,

    Plaintiff,

vs.

The Braveheart Group, LLC, a New Jersey Limited Liability Company, d/b/a The Journal of Urgent Care Medicine,

    Defendant.

_____/

### Joint Motion (i) for Leave to File Settlement Agreement under Seal, and (ii) to Retain Jurisdiction over Settlement for Two Years

In accordance with the Court's August 31, 2023 Order (ECF #44), the parties, Plaintiff Anthony Stanley, M.D., and Defendant The Braveheart Group, LLC, d/b/a Journal of Urgent Care Medicine, hereby jointly move (i) for leave to file their settlement agreement under seal, and (ii) request that the Court retain jurisdiction over enforcement of the settlement, in the event of a dispute, for a period of two years.

Although filing under seal is disfavored, the public's right of access may be overcome by showing "good cause." *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236, 2017 WL 5157954, at *1-2 (M.D. Fla. Nov. 7, 2017). Courts have ruled that a party's contractual obligation to keep a settlement confidential is a valid contract interest and privacy interest to justify filing the settlement agreement under seal. *See id.* at *2 ("the terms of confidential agreements may outweigh the public's right of access") (citing cases); *see also*

32483787.1

*Embree v. MediCredit, Inc.*, No. 5:16-cv-35, 2017 WL 11454395, at *1 (M.D. Fla. June 23, 2017) (granting motion to file settlement agreement under seal).

Here, the parties settled their dispute at confidential mediation. They executed a confidential settlement agreement on August 25, 2023. The Settlement Agreement contains a confidentiality clause that obligates both parties to maintain the agreement in confidence and to not make the agreement or its terms public.

The parties respectfully submit that the contractual term obligating them to keep the settlement agreement confidential constitutes just cause for allowing the parties to file the settlement agreement under seal. *See Local* Access, 2017 WL 5157954, at *1-2; Embree, 2017 WL 11454395, at *1. The settlement agreement's confidentiality clause has no termination date, and thus, if sealing is allowed, the document should be kept under seal indefinitely.

As to the duration of the Court's retention of jurisdiction to enforce the settlement in the event of a dispute, the parties request two years.

| | |
|---|---|
| SO STIPULATED: | Dated: September 7, 2023 |
| s/ Barry Chase (by consent) | s/ Chelsea Furman |
| Barry Chase, Esq.<br>ChaseLawyers<br>21 SE 1st Avenue, Suite 700<br>Miami, Florida 33131<br>Telephone: (305) 373-7665<br>Facsimile: (305) 373-7668<br>Email: barry@chaselawyers.com | Chelsea L. Furman (FBN 0240310)<br>cfurman@mcdonaldhopkins.com<br>McDonald Hopkins LLC<br>501 South Flagler Dr., Ste. 200<br>West Palm Beach, Florida 33401<br>Tel: 561-472-2121<br>Email: cfurman@mcdonaldhopkins.com |
| *Attorneys for Anthony Stanley, M.D.* | *Attorneys for Braveheart Group, LLC* |