UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20793-CIV-SINGHAL

ANTHONY STANLEY, M.D.,

     Plaintiff,

v.

THE BRAVEHEART GROUP, LLC, a New Jersey
Limited Liability Company, d/b/a THE JOURNAL OF
URGENT CARE MEDICINE, *et al.*,

     Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
## AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (FIFTH)

**THIS CAUSE** has come before the Court on Plaintiff's Motion for False Settlement Document Filing Notification (the "Motion"), filed on June 20, 2024. (DE [50]).  This Motion was filed approximately nine months after this case was closed by the Honorable Patricia A. Seitz. (DE [49]).  Also addressed in this Order is Plaintiff's Motion for Extension of Time to Respond in Opposition to the Report and Recommendation Denying Plaintiff's Motion for False Settlement Document Filing Notification (DE [67]), filed on February 14, 2025. (DE [78]).

Plaintiff's Motion was referred to Magistrate Judge Lisette M. Reid for Report and Recommendation ("R&R").  *See* (DE [53]).  The Magistrate Judge issued an R&R (DE [67]) on December 19, 2024, recommending that Plaintiff's Motion—and three related motions (DE [58], DE [59], and DE [61])—be denied.  In addition, the Magistrate Judge advised that two additional Motions, Defendant's Motion to Hold (DE [62]) and Plaintiff's Motion for a Status Update (DE [66]) should now be denied as moot.  The Court has

1

reviewed the record and has made a *de novo* review of the issues.   Moreover, no objections have been filed on a timely basis.

The R&R in this case required a response by January 2, 2025.  Of course, the response could have been filed on any day between December 20, 2024 and January 2, 2025, but it was not.  And on January 2, 2025, all that was filed was a Motion for Extension of Time requesting an additional two weeks to respond, and indicating to the Court that Plaintiff was hiring counsel (DE [68]).  The Court instead granted Plaintiff an additional eleven days (DE [69]).   Next, Plaintiff filed another Motion for Extension of Time to January 24, 2025, this time stating that counsel had been "identified" and was preparing a response and needed until that date (DE [70]).  The Court granted this Motion (DE [71]).  Not shockingly, when January 24, 2025 came, all that was filed was another Motion for Extension of Time, but this time requesting an additional *three* weeks to respond.  (DE [73]).  In that Motion, Plaintiff wrote among other things, "The purpose of this motion is not to delay, but to allow me a little more time **(final request)** to obtain and explain the litigation at hand to prospective counsel" (emphasis in original).  This statement is, of course, false as after that Motion for Extension of Time, Plaintiff has filed (DE [75]) and (DE [78]), both of which are Motions for Extension of Time.  In any case, the Court granted Plaintiff relief so he could respond—either with or without counsel—to the December 19, 2024 R&R by February 13, 2025 (DE [76]).  In other words, a litigant who typically would respond within two weeks to an R&R was awarded eight weeks.  And, a deadline is not a date of performance like a concert or ballgame.  It is an end date.  As the Court has previously stated, "[a] motion for extension of time is not self-executing; no motion is, unless expressly provided for by the applicable rule.  Yet, by filing these motions [on] the last day, and then sitting idle pending the Court's disposition of the motion, parties

essentially grant their own motion.  The Court will not condone this." *Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted).

Now, Plaintiff takes it one step further.  ***After the long-extended due date has passed***, Plaintiff files through counsel yet another Motion for Extension of Time (DE [78]). Law is a great profession.  But what makes it great is that unlike most other professions, law is rule based.  To make a mockery of the rules, makes a mockery of the law.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Extension of Time to Respond in Opposition to the Report and Recommendation Denying Plaintiff's Motion for False Settlement Document Filing Notification (DE [78]) is **DENIED**.

2. The Report and Recommendation (DE [67]) of the Magistrate Judge is **APPROVED AND ADOPTED.**

3. Dr. Stanley's Motion for False Settlement Document Filing Notification (DE [50]) is **DENIED**.

4. Dr. Stanley's Motion for Filing of Unauthorized Confidential Legal Records (DE [58]) is **DENIED.**

5. Dr. Stanley's Motion for Filing of Multiple False Statements into Legal Records (DE [59]) is **DENIED.**

6. Dr. Stanley's Motion to Issue a Cease-and-Desist Order Transmitting and Referencing Confidential Court Ordered Sealed Documents (DE [61]) is **DENIED.**

7. Braveheart's Motion to Hold (DE [62]) and Dr. Stanley's Motion for a Status Update (DE [66]) are both **DENIED as moot.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of

February 2025.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

4